RENE L. VALLADARES
Federal Public Defender
State Bar No. 11479
NISHA BROOKS-WHITTINGTON
Assistant Federal Public Defender
411 E. Bonneville, Ste. 250
Las Vegas, Nevada 89101
Tel: (702) 388-6577
Fax: (702) 388-6261

Attorney for ORLANDO LAMAR HAWKINS

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ORLANDO LAMAR HAWKINS,<br><br>Defendant. | Case No. 2:01-cr-183-PMP-PAL<br><br>**UNOPPOSED MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE** |

COMES NOW the defendant, ORLANDO LAMAR HAWKINS, by and through his counsel of record, Nisha Brooks-Whittington, Assistant Federal Public Defender, and pursuant to 18 U.S.C. § 3583(e)(1) and Fed. R. Crim. P. 32.1, hereby moves this Honorable Court for early termination of his five-year term of supervised release. This request is based on the Points and Authorities attached hereto.

DATED this 28th day of March, 2012.

RENE L. VALLADARES
Federal Public Defender

By: /s/Nisha Brooks-Whittington
NISHA BROOKS-WHITTINGTON
Assistant Federal Public Defender

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

The statute governing early termination of supervised release, 18 U.S.C. § 3583(e)(1), provides that the court may terminate a term of supervised release "and discharge the defendant released at any time after the expiration of one year of supervised release, . . . if it is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice."

On August 31, 2001, Orlando Lamar Hawkins ("Mr. Hawkins") pled guilty to Armed Bank Robbery in violation of 18 U.S.C. § 2113 (a) & (d), and Aiding and Abetting in violation of 18 U.S.C. § 2. See Docket No. 63 (Judgment in a Criminal Case). Mr. Hawkins was sentenced to ninety (90) months in the custody of the Bureau of Prisons ("BOP") and to a sixty (60) month term of supervised release. See Docket No. 63 (Judgment in a Criminal Case).

Mr. Hawkins began his supervised release term on November 17, 2007, in the Northern District of Texas. A number of Mr. Hawkins' family members reside in Texas. For three and one half years, Mr. Hawkins abided by his conditions of supervised release without incident. It was not until September 6, 2011, that a petition seeking to revoke his supervised release term was filed with the court outlining his alleged violations. See Docket No. 64 (Petition). United States Probation Officer, Joel Nelson, Assistant United States Attorney Kimberly Frayn ("the government"), and the defense recommended to the Court that Mr. Hawkins be allowed to continue on with his current term of supervised release and his conditions be modified to include residence and participation in the program of a residential re-entry center for a period of six months. See Ex. A (Sentencing Recommendation). The government further agreed that if Mr. Hawkins is in compliance at the time of the status check hearing, which is currently scheduled for April 17, 2012, that it will move to dismiss the petition.

Mr. Hawkins is in compliance with the rules and regulations at the Residential Re-Entry Center. His six month term is scheduled to expire on approximately April 13, 2012. Mr. Hawkins is diligently searching for employment, but has been unable to secure employment. As a result, Mr. Hawkins is further unable to obtain a residence of his own. After April 13, 2012, Mr. Hawkins will not have a place to reside and if continued on supervision will have to request continued placement at the residential re-entry center. However, early termination from supervision

would allow Mr. Hawkins the ability to return to Texas to reside with his sister and pursue job opportunities that are available to him. Mr. Hawkins previously worked for New Breed, Subway, and Williams & Dickey when he lived in Texas. He contacted these various establishments and each indicated that they would welcome Mr. Hawkins back as an employee.

Mr. Hawkins is a respectful person that strives to provide a better life for himself. Since November 2011, Mr. Hawkins has complied with his substance abuse individual and group counseling requirement. Mr. Hawkins completed his individual counseling, and is scheduled to complete group counseling on April 12, 2012. Mr. Hawkins has benefitted from his counseling and has not tested positive for any illegal substance since his placement in counseling. Mr. Hawkins is no longer in need of any services offered by the United States Probation Office.

Mr. Hawkins also fulfilled his court ordered financial obligations by payment of his $100 penalty assessment fee and restitution See Ex. B. Mr. Hawkins' recent conduct while on supervised release is strong evidence that he is ready for his supervision period to end. Mr. Hawkins is an appropriate candidate for early termination of supervised release. Mr. Hawkins has been accountable to his probation officer at all times.

Undersigned counsel contacted the Probation Officer and the Assistant United States Attorney regarding Mr. Hawkins' request for early termination and they do not object to his request for early termination.

**CONCLUSION**

In summary, Mr. Hawkins has made the most of his over four years of supervision. Mr. Hawkins has learned from his past transgression and no longer desires the social settings that led him before this Court. For all of these reasons, Mr. Hawkins respectfully requests that this Court grant his early termination from supervised release.

Respectfully submitted by,

By /s/ Nisha Brooks-Whittington
NISHA BROOKS-WHITTINGTON,
Assistant Federal Public Defender

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ORLANDO LAMAR HAWKINS,<br><br>　　　　Defendant. | Case No. 2:01-cr-183-PMP-PAL<br><br>**PROPOSED ORDER** |

　　　Based on the above points and authorities and good cause appearing therefore, the **UNOPPOSED MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE** is hereby granted. **IT IS HEREBY ORDERED** that the term of supervised release be terminated.

　　　DATED this 29th day of March, 2012.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE